## Stevenson, Appellant, *v.* Commonwealth Title Insurance & Trust Co.

*Contracts—Nonexistence of contract.*

In an action to recover a sum alleged to be due on an express agreement, whereby plaintiff was to convey certain properties and mortgages to defendant, in consideration of which defendant was to pay all mortgage indebtedness on the premises and the cost of finishing and selling certain houses, and after reimbursing itself, to return all surplus to plaintiff, and to pay plaintiff a salary of $100 a week during the construction and sale, the court did not err in dismissing exceptions to the report of the referee and in entering judgment for the defendant in accordance with the recommendation of the referee, where defendant denied the existence of the agreement upon which the action was brought, and where the referee found, upon competent evidence, that plaintiff had failed to establish that there was any such agreement.

Argued March 24, 1914. Appeal, No. 386, Jan. T., 1913, by plaintiff, from judgment of C. P. No. 3, Philadelphia Co., Sept. T., 1904, No. 53, for defendant, entered upon the report of a referee in case of James L. Stevenson v. Commonwealth Title Insurance and Trust Company. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Assumpsit on an express contract.

Exceptions to report of R. Stuart Smith, Esq., referee. Before FERGUSON, J.

From the record it appeared that plaintiff sought to recover $158,905.71, with interest, upon an express agreement alleged to have been entered into between plaintiff and defendant, whereby plaintiff was to convey certain properties and mortgages to defendant in consideration of which defendant was to pay all mortgage indebtedness on the premises and the cost of finishing and selling certain houses, and to pay plaintiff a salary of $100 a week during construction and sale, to release

plaintiff from all indebtedness, and to do other things, all of which were specifically set out in the statement. Defendant denied the existence of the alleged agreement, and alleged a loss in the transaction of $71,431.04.

The referee found, upon competent evidence, that there was no agreement between the plaintiff and defendant, such as was alleged in the plaintiff's statement of claim, and reported that judgment should be entered for defendant.

Exceptions to the referee's report were dismissed by the court, and judgment was entered for defendant. Plaintiff appealed.

*Errors assigned* were in dismissing the exceptions and in entering judgment for defendant.

*Ormond Rambo,* with him *Robert Mair, Wayne P. Rambo* and *J. Quincy Hunsicker,* for appellant.

*E. Cooper Shapley,* for appellee.

PER CURIAM, May 4, 1914:
Plaintiff below based his right to recover on an alleged contract or agreement on the part of the defendant. A learned and painstaking referee found there was none. This material finding was confirmed by the court, and we have found nothing in the seventy-seven assignments of error calling for a reversal of the judgment. It is, therefore, affirmed.